JUDGE ABRAMS

12 CIV 6254

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

PAUL STANGA, CHRISTOPHER JONES,
JOHN ANDERSEN, and ANTHONY
CAMMARATA, on behalf of themselves and
others similarly situated,

                              Plaintiffs,

        - against -

CITY OF NEW YORK,

                              Defendant.

12 Civ.

COLLECTIVE
ACTION
COMPLAINT

----------------------------------------------------------------x

      Plaintiffs Paul Stanga, Christopher Jones, John Andersen, and Anthony Cammarata, on behalf of themselves and others similarly situated, by their undersigned attorneys, for their Complaint against defendant City of New York, allege as follows:

## INTRODUCTION

1.     This is a collective action for monetary and other relief brought by four employees of defendant, on behalf of themselves and other similarly situated present and former employees of defendant, under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3.     This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs are employed by defendant in the position of Construction Laborer. Defendant is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. Paul Stanga has been employed by defendant since 1996. Christopher Jones has been employed by defendant since 1996. John Andersen has been employed by defendant since 1998. Anthony Cammarata has been employed by defendant since 2009. Plaintiffs are "employees" within the meaning of Section 3(e)(2) of the FLSA, 29 U.S.C. § 203(e)(2).

## FACTS RELEVANT TO ALL CLAIMS

6. Plaintiffs repair and maintain the City's water supply and sewer system. Plaintiffs work from 3:30 P.M. to midnight, with a half-hour unpaid meal period, Monday through Friday.

7. The base rate of pay for a Construction Laborer has been $37.07 per hour since June 2010. Workers on the night shift receive a "shift differential" of 6.1 percent. Plaintiffs' regular wage rate therefore is $39.33.

8. Between June 2009 and June 2010, the base rate of pay was $35.64 per hour. The regular wage rate for Construction Laborers on the night shift therefore was $37.81.

9. When plaintiffs work more than 40 hours in a week, the City pays them $55.61 per hour worked over 40, even though one-and-one-half times their regular pay rate would be $59.00. Between June 2009 and June 2010, Construction Laborers on the night shift were paid $53.46 per hour worked over 40, even though one-and-one-half times their regular pay rate would be $56.72.

## FIRST CAUSE OF ACTION

10. Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiffs at one-and-one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek. Defendant's failure to pay plaintiffs time-and-a-half for their overtime hours worked was willful within the meaning of the FLSA.

11. Plaintiffs bring this action on behalf of a collective of all current and former Construction Laborers employed on the night shift by the City of New York since August 15, 2009. The members of the collective are readily identifiable through defendants' records, and should be afforded an opportunity to join the action.

## TRIAL BY JURY

Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1. Order defendant to make a complete accounting to plaintiffs of the hours that each worked on a weekly basis and of all payments each plaintiff received in compensation for the three-year period preceding the commencement of this action;

2. Order defendant to pay to plaintiffs all unpaid wages due and owing because of defendants' failure to compensate plaintiffs at a rate of time and one-half their weighted average rate of compensation for each hour worked in excess of 40 during each workweek;

3. Order defendant to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Order defendants to pay plaintiffs' reasonable attorney fees and costs; and

5. Grant plaintiffs such other and further relief as the Court deems proper and just.

Dated: August 15, 2012

                                      LICHTEN & BRIGHT, P.C.
                                      Attorneys for Plaintiffs

By: _____
                          Stuart Lichten (SL-1258)
                          475 Park Avenue South - 17th Floor
                          New York, New York  10016
                          (646) 588-4872