UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PAUL STANGA, CHRISTOPHER JONES, JOHN
ANDERSEN, AND ANTHONY CAMMARATA, on
behalf of themselves and others similarly situated,

No. 12 Civ. 6254 (RA)(FM)

                             Plaintiffs,

**STIPULATION OF
SETTLEMENT**

              -against-

CITY OF NEW YORK,

                          Defendant.
-------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

       This Settlement Agreement ("Agreement") is made and entered into by and

among the Plaintiffs in the above-captioned case, who are identified on Exhibit A attached

hereto, and who are all persons who have timely consented to be party Plaintiffs in the above-

captioned case, and Defendant the City of New York on behalf of themselves and all other New

York City departments, commissions, agencies, related entities, predecessors, successors,

trustees, officers, directors and employees, agents, employee benefit plans and the trustees,

administrators, and fiduciaries of such plans (hereinafter collectively referred to as "Defendant"),

and is based on the following:

**I.**       **RECITALS**

    1.1    Plaintiffs are 360 individuals employed or formerly employed by the Defendant as

Construction Laborers in the New York City Department of Environmental Protection.  On

August 24, 2012, and on various dates thereafter, Plaintiffs filed their consents with this Court in

the case *Stanga, et al. v. The City of New York*, Docket No. 12 Civ. 6254 (RA)(FM) (the

"Lawsuit").

1.2    Plaintiffs have made certain allegations and accusations concerning their employment with the Defendant regarding an asserted failure to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

1.3    Plaintiffs and Defendant (hereinafter collectively referred to as the "Parties") have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of the Plaintiffs' claims with prejudice.  The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.4    "Eligible Plaintiffs" is defined as all Plaintiffs in the above-captioned case, each of whom is identified in Exhibit A.

1.5    The Parties, through their counsel, hereby seek judicial approval of this Settlement Agreement.  In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Agreement will no longer have any effect and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.    PAYMENT AND DISTRIBUTION

2.1    In consideration for the terms, conditions and promises in this Agreement, Defendant shall, in accordance with paragraphs 2.2 and 2.3, pay or will cause to be paid to Eligible Plaintiffs Forty Eight Thousand Seven Hundred and Ten Dollars and Twenty Eight Cents ($48,710.28) less any deductions made from an individual Plaintiff's amounts for any liens, judgments or wage garnishments against that particular Plaintiff, with such deductions to be made from the amounts paid as liquidated damages, to resolve all claims for FLSA damages allegedly accruing for the period from August 15, 2012 through the date this Agreement is approved by the Court ("the Settlement Amount").  The Settlement Amount will be divided and distributed to Eligible Plaintiffs as follows:  (1) one check payable to Plaintiffs' counsel for

distribution to the Plaintiffs constituting liquidated damages in the amount of Twenty-Four Thousand Three Hundred Fifty-Five Dollars and Fourteen Cents ($24,355.14), less any deductions made from individual Plaintiffs' amounts for liens, judgments or wage garnishments against those Plaintiffs ("the Liquidated Damages Amount"); and (2) a set of payroll checks and/or stubs for direct deposit payments, regular payroll checks for active (employed) Eligible Plaintiffs, and separate payroll checks for inactive (no longer employed) Eligible Plaintiffs made payable to each Eligible Plaintiff in accordance with the Plaintiffs' counsel's instructions constituting his or her share of the backpay award in the total amount of Twenty-Four Thousand Three Hundred Fifty-Five Dollars and Fourteen Cents ($24,355.14), less all applicable deductions and withholdings and any wage garnishments against that individual Plaintiff.  The Individual amount of backpay is set forth in Exhibit A affixed to this settlement agreement, with an equal amount to be paid in liquidated damages subject to the conditions set forth herein. These amounts are agreed to among the Parties to compromise, settle and satisfy the Released Claims (as defined in Paragraph 3.1) and liquidated damages related to the Released Claims.

      2.2    Within thirty days of the date that the Court enters an Order finally approving this Agreement, the Plaintiffs shall tender, by overnight mail, e-mail attachment or hand-delivery, to Defendant's attorney, the following documents to effectuate payment of the settlement amounts referenced in paragraph 2.1:  a confirmation that the listing provided by Defendant of the distribution amounts to each individual Plaintiff along with each Plaintiff's social security number is an accurate reflection of the settlement amount due to each Plaintiff.  Defendant shall issue payment by distributing the backpay amounts (not liquidated damages) in regular payroll checks or direct deposit payments directly to active Eligible Plaintiffs and distributing separate payroll checks for non-active Eligible Plaintiffs to Plaintiffs' counsel, in the amounts as specified in paragraph 2.1 for backpay and by providing by check to Plaintiffs' law firm, Lichten & Bright P.C., for the liquidated damages amount for all of the Plaintiffs as specified in paragraph 2.1.  In the event that a Plaintiff's backpay amount or liquidated damages amount will be reduced as the result of wage garnishment, lien or judgment (to the extent set forth in paragraph 2.1),

Defendant's counsel shall provide Plaintiffs' counsel with: (1) the name of the Eligible Plaintiff; and (2) the amount of the reduction and the nature of the reduction at or before the time the payment is made by Defendant.  Should Defendant fail to tender the payments reflected in paragraph 2.1 within ninety (90) days of the date of tender of the paperwork described in this paragraph, interest shall accrue on whatever amount that remains unpaid, in accordance with NY CPLR § 5003 from the date of tender until the date that the payment is made.

2.3    Plaintiffs' counsel and Defendant have agreed to attempt to resolve the matter of reasonable attorneys' fees and costs between themselves.  If they are successful in this attempt, they shall provide an amended stipulation of settlement to the Court within 60 days of entry of this stipulation, reflecting the amount of costs and fees.  If they are unable to do so within 60 days of this judgment, Plaintiffs will submit a fee petition to the Court within 90 days of entry of this stipulation.

2.4    The backpay portion of the allocated settlement amount will be subject to all applicable deductions, withholdings and wage garnishments.  The liquidated damages portion of an Eligible Plaintiff's recovery will be subject to deductions for liens, garnishments or judgments against that particular Eligible Plaintiff.  Plaintiffs and their counsel will be solely responsible for distributing the liquidated damage portion among Eligible Plaintiffs.

2.5    Plaintiffs and their counsel, Lichten & Bright P.C. will defend, release, and hold Defendant harmless from any and all claims or causes of action arising from the distribution of the liquidated damages portion of the settlement funds.

2.6    Defendant shall distribute W-2 forms to the Eligible Plaintiffs reflecting the backpay payments made under Paragraphs 2.1 and 2.2 in this agreement.  Plaintiffs' counsel shall distribute to each Eligible Plaintiff receiving a liquidated damages award a Miscellaneous Income Form 1099 reflecting the amount paid to the Eligible Plaintiff as liquidated damages. Each Eligible Plaintiff agrees that he or she will be responsible for his or her individual tax liability associated with the payments made to him or her under this agreement.  Provided that Defendant timely and properly prepares and submits the necessary W-2 tax forms, Eligible

Plaintiffs agree that they shall indemnify and hold harmless Defendant in the event of any dispute concerning whether taxes are owed by any Eligible Plaintiff on the liquidated damages portion of the settlement.

2.7    All payments to Eligible Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by Eligible Plaintiffs.  It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Eligible Plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle any Eligible Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits.  It is also expressly understood and agreed that no pension contributions shall be taken from the back pay payments.  It is the intent of this Agreement that the Settlement Amounts provided for in this Agreement are the sole payments to be made to the Eligible Plaintiffs, and that the Eligible Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the time period beginning three (3) years prior to the filing date of each Eligible Plaintiff's Consent to Sue form through the date settlement is fully executed).  Plaintiffs specifically waive entitlement to such benefits and in additional consideration for the mutual covenants made in this Agreement, hereby agree not to bring any further action against Defendant or any retirement or welfare benefit plan maintained by Defendant or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement.  This Agreement may be used by the Defendant or by any benefit plan or fiduciary thereof as a complete and absolute defense to any such claim.

III.    **RELEASE AND COVENANT NOT TO SUE**

3.1    All Eligible Plaintiffs for themselves, and their spouses and families, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"),

- 5 -

voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendant, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all claims asserted in the Lawsuit arising up to and including the date of approval of this Settlement by the Court for the time period Eligible Plaintiffs worked as Construction Laborers in the New York City Department of Environmental Protection (the "Released Claims").

 3.2 All Eligible Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all Released Claims as set forth in Paragraph 3.1 above, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

 3.3 All Eligible Plaintiffs understand and agree that to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the Released Claims for the time period beginning three (3) years prior to the filing date of each Eligible Plaintiff's Consent to Sue form through the date settlement is fully executed.  They agree not to file or pursue any such claim or action for the Released Claims.  Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies.  All Eligible Plaintiffs are waiving, however, any right to monetary recovery should any agency pursue any claims on their behalf with respect to the Released Claims for the time period beginning three (3) years prior to the filing date of each Plaintiff's Consent to Sue form through the date settlement is fully executed and approved by the Court.

3.4    All Eligible Plaintiffs are specifically waiving any right to appeal any portion or decision relating to the Lawsuit related to the Released Claims or this Agreement to the District Court for the Southern District of New York or the United States Court of Appeals for the Second Circuit.

3.5    All Eligible Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; each Eligible Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement; and he/she has been advised to consult with an attorney.

IV.    **DISMISSAL OF CLAIMS**

4.1    Eligible Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against Defendant as specified in Paragraph 3.1, with prejudice in accordance with the attached Agreed Order of Dismissal with Prejudice.

V.    **NO ADMISSION OF LIABILITY**

5.1    Defendant does not admit any allegations made against it in any charges, complaints, grievances or lawsuits currently pending between the Parties.   Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

VI.    **CONTINUED JURISDICTION**

6.1    The U.S. District Court for the Southern District of New York shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant actions.

VII.    **PARTIES' AUTHORITY**

7.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the parties hereto to the terms and conditions hereof.  The Parties acknowledge that the Court will hold a fairness hearing in this matter before the Honorable Judge Ronnie Abrams.  This settlement agreement will take effect provided that no more than ten

percent (10%) of the Eligible Plaintiffs opt out of the settlement.  To opt out of the settlement, a Plaintiff must either appear in person at the fairness hearing to voice their objection or, in the alternative, must contact the Court, in writing, to voice their objection and to explain all reasons for the objection.

7.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VIII.  <u>MUTUAL FULL COOPERATION</u>

8.1    The parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.   <u>ENFORCEMENT ACTIONS</u>

9.1    In the event that one or more of the parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## X.   <u>MODIFICATION</u>

10.1   This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.

## XI.   <u>ENTIRE AGREEMENT</u>

11.1   This Agreement and its attachment constitute the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict

between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

## XII.    CHOICE OF LAW/JURISDICTION

12.1  This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XIII.   VOIDING THE AGREEMENT

13.1  In the event this Agreement, or any amended version agreed upon by the parties does not obtain judicial approval for any reason, or more than ten percent (10%) of the Plaintiffs opt out of the settlement, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement

as of the date indicated below:


LICHTEN & BRIGHT, P.C.                    ZACHARY W. CARTER
Attorneys for Plaintiffs                  Corporation Counsel of the City of New York
475 Park Avenue South – 17th Floor        Attorney for Defendant
New York, New York 10016                  100 Church Street, Room 2-102
(646) 588-4872                            New York, New York 10007
                                          (212) 356-2444


By: _____               By: _____
     Stuart Lichten                            Kathryn E. Martin


Date: __3|7|14__                          Date: __3/7/14__

- 10 -